# In the United States District Court
## for the District of Minnesota

| | |
|---|---|
| Mark Allan | } |
| | } |
| v. | } |
| | } |
| Jacob Joseph LEW | } CASE #: 0:14-cv-01332-DSD-FLN |

## Refusal for Cause

The original (red R4C) is hereby filed as marked by the clerk of court. This process is clear Refusal for Cause on Documents 5, 6, 7, 7-1, 8, 9 as found on PACER.



IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARK ALLAN, | ) |
| | ) Case No. 14-cv-01332-DSD-FLN |
| Plaintiff, | ) |
| | ) **MOTION TO DISMISS** |
| v. | ) |
| | ) |
| JACOB JOSEPH LEW, | ) |
| | ) |
| Defendant. | ) |

*[Stamped across document: "Refused for Cause"]*

The United States, on behalf of Jacob Joseph Lew and the Internal Revenue Service, moves to dismiss the complaint filed by Plaintiff Mark Allan Fiedler.[1] Fiedler's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6) for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted.

---

[1] The plaintiff's full name is Mark Allan Fielder. (*See* Exhibit to Fiedler's complaint, April 23, 2014, letter from IRS to Fiedler, Dkt. No. 1-2.)

The basis for this motion is more fully set forth in the United States' supporting memorandum of law.

Date: July 11, 2014

Respectfully submitted,

ANDREW M. LUGER
United States Attorney

/s/ Erin E. Lindgren
ERIN E. LINDGREN
Trial Attorney, Tax Division
U.S. Department of Justice
Minn. Bar No. 0392617
P.O. Box 7238, Washington, D.C.  20044
202-353-0013 (v)
202-514-6770 (f)
Erin.Lindgren@tax.usdoj.gov

Of Counsel:

TAMARA W. ASHFORD
Acting Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARK ALLAN,<br><br>      Plaintiff,<br><br>v.<br><br>JACOB JOSEPH LEW,<br><br>      Defendant. | Case No. 14-cv-01332-DSD-FLN<br><br>**NOTICE OF HEARING ON UNITED STATES' MOTION TO DISMISS** |

*[Handwritten in red across document: "Refused for Cause"]*

PLEASE TAKE NOTICE that on September 5, 2014, at 10:00 a.m. in the courtroom of the Honorable David S. Doty, United States District Judge, in Courtroom 14W, United States District Court, 300 South Fourth Street Minneapolis, MN 55415, the court will hold a hearing on the United States' Motion to Dismiss. Each party will be afforded 15 minutes to present oral argument at the hearing.

                                    ANDREW M. LUGER
                                    United States Attorney

                                  */s/ Erin E. Lindgren*
                                  ERIN E. LINDGREN
                                  Trial Attorney, Tax Division
                                  U.S. Department of Justice
                                  Minn. Bar No. 0392617
                                  P.O. Box 7238, Washington, D.C. 20044
                                  202-353-0013 (v);202-514-6770 (f)
                                  Erin.Lindgren@tax.usdoj.gov

                                  Of Counsel:
                                  TAMARA W. ASHFORD
                                  Acting Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARK ALLAN,<br><br>    Plaintiff,<br><br>v.<br><br>JACOB JOSEPH LEW,<br><br>    Defendant. | Case No. 14-cv-01332-DSD-FLN<br><br>**MEMORANDUM IN SUPPORT OF MOTION TO DISMISS** |



The United States, on behalf of Jacob Joseph Lew and the Internal Revenue Service, moves to dismiss the complaint filed by Plaintiff Mark Allan Fiedler.[1] Fiedler's complaint should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) and (b)(6) for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted. Fiedler has not plausibly stated a claim for relief against the United States and has failed to set forth a basis for waiver of the United States' sovereign immunity.

## FACTS

Fiedler's factual allegations are far from clear, but they appear to arise from an April 23, 2014, letter he received from the IRS, which is attached as an exhibit to Fiedler's complaint. (*See* Counterclaim, Dkt. No. 1 at 2 (referring to a letter from Layne

---

[1] Fiedler's complaint is captioned as a "counterclaim." (Dkt. No. 1 at 1.) Additionally, while he refers to himself as "Mark Allan of the FIEDLER family," (*id.*), the plaintiff's full name is Mark Allan Fiedler. (*See* April 23, 2014, letter from IRS to Fiedler, Dkt. No. 1-2.)

1

Carver); April 23, 2014, letter from Carver, attached to Fiedler's counterclaim as Dkt. No. 1-2 at 1.) The April 23, 2014, letter informs Fiedler that the IRS considers the information included on a 2013 Form 1040 that Fiedler sent to the IRS to be frivolous information. (Dkt. No. 1-2.) The letter also states that the IRS would impose a $5,000 frivolous-filing penalty under I.R.C. § 6702 if Fiedler did not correct his tax return within 30 days of April 23, 2014. (*Id.*) Fiedler disputes that his 2013 Form 1040 tax return is frivolous.[2] (Dkt. No. 1 at 2 (stating "[t]here is nothing to correct about the tax return").)

## ARGUMENT

I. **The United States is as the Proper Defendant in this Action.**

Before dismissing Fiedler's complaint, this Court should first substitute the United States as the proper defendant to this action. Fiedler's complaint names Jacob Joseph Lew, the Secretary of the Treasury, as the defendant. Fiedler's allegations are unclear. But it appears that Fiedler's "counterclaim" arises from a letter he received from the IRS

---

[2] A 2013 Form 1040 is attached to Fiedler's complaint. (Dkt. No. 1-1 at 1.) The first page of the Form 1040 contains no identifying information, but only a notation in line 7 that $83,813 was earned in income and a later notation in line 21 that $83,813 should be subtracted from income as a "demand for lawful money reduction." (*Id.*) The second page of the Form 1040 has $5,708 noted in both lines 72 and 73, reporting a payment of $5,708 in taxes that was purportedly an overpayment. (*See id.* at 2.) The Form 1040 is not signed. Attached to the Form 1040 is a document titled "2013 Form 1040 Line 21 Supporting Schedule Demand for Lawful Money Per 12 USC Section 411." (*Id.* at 3.) This section purports to reduce Fiedler's wage income to zero by invoking 12 U.S.C. § 411, a code provision that authorizes the issuance of Federal Reserve Notes as legal tender. The argument that wages are not income or that compensation for services is not taxable "have been repeatedly and thoroughly rejected in cases too numerous to mention." *Wnuck v. Comm'r*, 136 T.C. 498, 503 n.4 (2011) (collecting cases).

regarding the Service's determination that Fiedler supplied frivolous information on a Form 1040 for tax year 2013. (*See* Dkt. No. 1 at 1, 2; Dkt. No. 1-1 at 1-3; Dkt. No. 1-2 at 1-2.) It is apparent that Fiedler's claim does not relate to any actions Lew has taken, but relates instead to Fiedler's dispute with the Internal Revenue Service, an agency of the United States.

"When an action is one against named individual defendants, but the acts complained of consist of actions taken by defendants in their official capacity as agents of the United States, the action is in fact one against the United States." *Atkinson v. O'Neill*, 867 F.2d 589, 590 (10th Cir. 1989); *cf. Brockinton v. City of Sherwood*, 503 F.3d 667, 674 (8th Cir. 2007). Here, there is no suggestion that Lew himself was involved in corresponding with Fiedler. Rather, Fiedler has corresponded with the IRS. Because Lew is not the appropriate defendant in this action, the United States is the properly named defendant. *See Philippi v. Brellenthin*, 2012 U.S. Dist. LEXIS 22951, at *6 (D. Minn. Jan. 26, 2012) ("Where an employee of the United States is improperly named as a defendant, the United States should be substituted as the proper defendant.") (citing *Scott v. United States*, 449 F.2d 1291, 1292 (8th Cir. 1971)).

Because the United States is the proper party in this action, it should be substituted as the defendant to Fiedler's claim.

[Handwritten annotation across page: "Refused for Cause"]

## II. Fiedler has Failed to Properly Serve the United States because he Personally Mailed the Summons and his Counterclaim.

Fiedler has failed to properly serve the United States, as required by Federal Rule of Civil Procedure 12(b)(5). If he fails to properly serve the United States within the time period allowed by the Federal Rules, his complaint should be dismissed on that basis.[3]

To properly serve the United States in a civil action, a summons and complaint must be sent by mail to the Attorney General of the United States and must be delivered or sent by mail to the United States Attorney for the district in which the civil action is filed. Fed. R. Civ. P. 4(i)(1). On May 30, 2014, Fiedler filed a Certificate of Service stating that he had personally mailed a summons and copy of his counterclaim to both the U.S. Attorney's office for the District of Minnesota and to the Attorney General of the United States. Fiedler's service is deficient because Federal Rule of Civil Procedure 4(c)(2) requires that service be effected by a non-party.

The requirement that service be effected by a non-party extends to service effected by mail. *See Larue v. United States*, 2006 U.S. Dist. LEXIS 95773 (D.D.C. Dec. 4, 2006). The *Larue* court explained that "virtually every court that has addressed the issue has concluded that Rule 4(i)(1) must be read in conjunction with the restrictions set out in Rule 4(c)(2)," and held that service was defective where a plaintiff sent the summonses

---

[3] Fiedler's failure to properly serve the United States is not yet a basis to dismiss his claim because he has 120 days, or until August 27, 2014, to properly serve the United States. *See* Fed. R. Civ. P. 4(m). The United States raises this defense in its motion to dismiss to preserve the defense. *See* Fed. R. Civ. P. 12(h)(1).

4

and complaint himself by certified mail to the Attorney General and U.S. Attorney. 2006 U.S. Dist. LEXIS 95773 at *19-21 (collecting cases). Similarly, the Tenth Circuit affirmed dismissal without prejudice of a pro se plaintiff's complaint on the grounds that the plaintiff did not properly serve the Attorney General because she mailed the service documents herself. *Constien v. United States*, 628 F.3d 1207, 1213 (10th Cir. 2010) (explaining that "when service is effected by use of the mail, only a nonparty can place the summons and complaint in the mail"), *cert. denied*, 131 S. Ct. 2884 (2011). Accordingly, because Fiedler mailed the documents to the Attorney General and U.S. Attorney, Fiedler's service upon the United States did not comply with Rule 4(c)(2).

### III. Fiedler's Complaint Should be Dismissed for his Failure to State a Claim upon which Relief Can be Granted and for Lack of Jurisdiction.

"A pleading that states a claim for relief must contain" the following: (1) "a short and plain statement of the grounds for the court's jurisdiction"; (2) "a short and plain statement of the claim showing that the pleader is entitled to relief"; and (3) "a demand for the relief sought, . . .". Fed. R. Civ. P. 8(a). To survive a motion to dismiss, a claim must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although a pro se complaint is held to less stringent standards, a pro se complaint can be dismissed for failure to state a claim "if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him

[Stamped in red across page: "Refused for Cause"]

to relief." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (citation and internal quotation marks omitted).

The relief Fiedler seeks in his "counterclaim" is not clear. He has failed to set forth a clear statement of facts or to make an unambiguous demand for relief. Instead, Fiedler's complaint is riddled with tax-defier rhetoric, including references to the Secretary of the Treasury as the "US Governor of the International Monetary Fund, an organ of the United Nations" and as a "foreign principal." (*See* Dkt. No. 1 at 1.) Fiedler does not state how these factual allegations give rise to a plausible claim for relief.

Instead, the relief Fiedler requests is unclear and contradictory. He asserts that he wants to address whether he is entitled to a refund of an overpayment of tax, (Dkt. No. 1 at 2 (stating Lew "must address whether the funds on the tax return should be refunded to [Fiedler]") but also states in his complaint that "it is a mistake to assume that [Fiedler] is making a claim for a Refund with the Treasury or IRS," (*id.*). Fiedler also asserts under the section titled "Stipulation of remedy" that "[t]his case is repository for evidence for injunctive relief from any future presentments and theft or kidnap actions from any foreign agents or principals." (Dkt. No. 1 at 2.) While this request for remedy invokes the phrase "injunctive relief," it is otherwise indecipherable. Fiedler does not clarify what he means by "presentments," "theft," "kidnap actions," or "foreign agents or principals." Because the relief Fiedler seeks is incomprehensible, his complaint should be dismissed. He has failed to state a conceivable claim to relief, must less facts sufficient to "nudge[] [his claim] across the line from conceivable to plausible," as required. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Furthermore, even if Fiedler's complaint was liberally construed by this Court as a refund claim or a claim seeking injunctive relief against the United States, his complaint still must be dismissed for lack of jurisdiction because Fiedler has not asserted a basis for waiver of the United States' sovereign immunity, and Fiedler's request for injunctive relief against the IRS violates the Anti-Injunction Act.

<u>Sovereign Immunity</u>

Fiedler's complaint should be dismissed because he has failed to assert a basis for the waiver of the United States' sovereign immunity. The United States "is immune from suit save as it consents to be sued," and the terms of the United States' consent to be sued "define [a] court's jurisdiction to entertain the suit." *See United States v. Testan*, 424 U.S. 392, 399 (1976) (citation omitted)). A taxpayer challenging IRS activities must bring suit under a statute that waives the United States' sovereign immunity. *Guthrie v. Sawyer*, 970 F.2d 733, 735 (10th Cir. 1992) (citing *United States v. Dalm*, 494 U.S. 596 (1990)). Where Congress provides for a waiver of sovereign immunity allowing the United States to be sued, the "limitations and conditions upon which the Government consents to be sued must be strictly observed and exceptions thereto are not to be implied." *Soriano v. United States*, 352 U.S. 270, 276 (1957).

To the extent Fiedler's complaint could be construed as a refund suit authorized by 28 U.S.C. § 1346(a)(1), this Court lacks jurisdiction to hear the suit because Fiedler has failed to comply with the requirements for bringing an income tax refund suit. *See Dalm*, 494 U.S. at 601-02 (taxpayer's ability to bring a refund suit under § 1346(a)(1) is conditioned upon compliance with statutory prerequisites for filing suit). A taxpayer may

*[stamped across page: Refused for Cause]*

not bring suit in district court for an income-tax refund or refund of a frivolous filing penalty until he first exhausts his administrative remedies by filing a refund claim with the IRS. *See* 26 U.S.C. § 7422(a); 26 U.S.C. § 6703(c)(1) (setting out rules applicable to challenging frivolous-filing penalties under § 6702). "A timely sufficient claim for refund is a jurisdictional prerequisite to a refund suit." *Martin v. United States*, 833 F.2d 655, 659 (7th Cir. 1987).

Additionally, a taxpayer seeking a refund of income tax in district court must first pay the disputed tax in full before filing a refund suit. *Flora v. United States*, 257 U.S. 63 (1958); *see also Hansen v. United States*, 248 F.3d 761, 763-64 (8th Cir. 2001) (suit for tax refund is governed by a "carefully articulated statutory scheme" in which taxpayer must have first paid the disputed tax in full and "duly filed" an administrative refund claim). A taxpayer challenging imposition of a frivolous filing penalty imposed against him under 26 U.S.C. § 6702, must pay at least 15% of the penalty before filing suit in court. *See* § 6703(c). And, even then, a taxpayer still must comply with the other requirements for bringing suit to challenge a frivolous filing penalty. *See id.* Because Fiedler has not asserted that he has exhausted his administrative remedies with respect to either an income-tax or filing-penalty refund claim, this Court lacks subject-matter jurisdiction over any claim construed to be a refund claim.

<u>*The Anti-Injunction Act and Declaratory Judgment Act*</u>

Fiedler asserts in the section of his complaint titled "Stipulation of Remedies" that "[t]his case is repository for evidence for injunctive relief from any future presentments and theft or kidnap actions from *any* foreign agents or principals." (Dkt. No. 1 at 2.) He

8

also asserts that he seeks a determination of whether the $5,708 income tax overpayment listed on his tax return should be refunded. (*Id.*) To the extent Fiedler's complaint could be construed as seeking an injunction barring the IRS from assessing or collecting tax or penalties against him, his claim is barred by the Anti-Injunction Act. To the extent it could be construed as seeking a declaratory judgment regarding whether the IRS should refund to Fiedler any income tax overpayment, his claim is barred by the Declaratory Judgment Act.

The Anti-Injunction Act, 26 U.S.C. § 7421, provides that "no suit for the purpose of restraining the assessment or collection of any tax shall be maintained in any court by any person."[4] *See also Pagonis v. United States*, 575 F.3d 809, 813 (8th Cir. 2009). The Act's prohibition on suits seeking to enjoin IRS collection activities protects the long-standing policy that the United States should be permitted to assess and collect taxes without judicial intervention. *Enochs v. Williams Packing & Navigation Co.*, 370 U.S. 1, 7 (1962).

Exceptions to the Anti-Injunction Act are rare. Indeed, a court may only issue an injunction against IRS activities or collection efforts if "it is clear that under no circumstances could the Government ultimately prevail on its claim of liability" and the taxpayer shows he will suffer irreparable injury in the absence of an injunction. *Pagonis*,

---

[4] Section 7421(a) references some sections of the Internal Revenue Code to which the Anti-Injunction Act does not apply. None of the exceptions appear to apply to Fiedler's complaint and Fiedler does not assert that his claim meets any of those exceptions.

575 F.3d at 814 (internal quotation marks omitted) (citing *Williams Packing*, 370 U.S. at 7). Fiedler has not alleged that he will suffer irreparable injury and that there are no circumstances under which the government would prevail. Accordingly, to the extent he seeks injunctive relief against the IRS, his claim should be dismissed. *See Porter v. Fox*, 99 F.3d 271, 274 (8th Cir. 1996) (holding that plaintiff failed to state a claim upon which relief could be granted when his request violated the Anti-Injunction Act, and declining to consider *Williams Packing* exception where plaintiff did not allege the exception applied). Fiedler's claim for an injunction must be denied because he has failed to plead that an exception to the Anti-Injunction Act applies, and this Court therefore lacks subject matter jurisdiction over his claims.

The Declaratory Judgment Act, 28 U.S.C. § 2201(a), provides that a court of the United States "may declare the rights and other legal relations of any interested party seeking [a declaratory judgment]" except with respect to actions related to federal taxes. Like the Anti-Injunction Act, the Declaratory Judgment Act "forbids suits for the purpose of retraining the assessment or collection of any tax." *Porter*, 99 F.3d at 274. Therefore, to the extent Fiedler seeks a declaration related to his federal taxes, such relief is barred.

## Conclusion

Fiedler's complaint is jurisdictionally deficient. He has not stated a plausible claim for relief, a basis for waiver of the United States' sovereign immunity, or an exception to the Anti-Injunction Act. Accordingly, this Court should dismiss his complaint under Federal Rule of Civil Procedure 12(b)(1) and (b)(6) for lack of subject-matter jurisdiction and failure to state a claim upon which relief can be granted.

*Refused for Cause*

Respectfully submitted,

ANDREW M. LUGER
United States Attorney

*/s/ Erin E. Lindgren*
ERIN E. LINDGREN
Trial Attorney, Tax Division
U.S. Department of Justice
Minn. Bar No. 0392617
P.O. Box 7238, Washington, D.C.  20044
202-353-0013 (v)
202-514-6770 (f)
Erin.Lindgren@tax.usdoj.gov

Of Counsel:

TAMARA W. ASHFORD
Acting Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MINNESOTA

MARK ALLAN,            )
                       )
        Plaintiff,     )      Case No. 14-cv-01332-DSD-FLN
                       )
    v.                 )      **LOCAL RULE 7.1 WORD COUNT**
                       )      **COMPLIANCE CERTIFICATE**
JACOB JOSEPH LEW,      )
                       )
        Defendant.     )
_____)

[Handwritten across document: *Refused for Cause*]

Pursuant to Local Rule 7.1(f)(2), I certify that the United States' Memorandum in Support of its Motion to Dismiss complies with the word limits of Local Rule 7.1(f) and with the type-size limit of Local Rule 7.1(h).

I further certify that, in preparation of this response, I used Microsoft Word 2010, and that this word processing program has been applied specifically to include all text, including headings, footnotes, and quotations in the following word count.

I further certify that the above-referenced response contains 2,858 words.

ANDREW M. LUGER
United States Attorney

*/s/ Erin E. Lindgren*
ERIN E. LINDGREN
Trial Attorney, Tax Division
U.S. Department of Justice
Minn. Bar No. 0392617
P.O. Box 7238, Washington, D.C. 20044
202-353-0013 (v);202-514-6770 (f)
Erin.Lindgren@tax.usdoj.gov

Of Counsel:
TAMARA W. ASHFORD
Acting Assistant Attorney General

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARK ALLAN, | ) |
| | ) Case No. 14-cv-01332-DSD-FLN |
| Plaintiff, | ) |
| | ) **CERTIFICATE OF SERVICE BY** |
| v. | ) **MAIL** |
| | ) |
| JACOB JOSEPH LEW, | ) |
| | ) |
| Defendant. | ) |

*Refused for Cause*

    I certify that on July 11, 2014, I filed with the Clerk of Court via CM/ECF the following documents:

United States' Motion to Dismiss

and I certify that I caused a copy of the foregoing documents to be sent by U.S. mail, postage-paid to:

                Mark A. Fiedler
            7034 Lake Shore Drive S.
               Richfield, MN 55432

                                      */s/ Erin E. Lindgren*
                                      ERIN E. LINDGREN
                                      Trial Attorney, Tax Division
                                      U.S. Department of Justice
                                      Minn. Bar No. 0392617
                                      P.O. Box 7238, Washington, D.C.  20044
                                      202-353-0013 (v);202-514-6770 (f)
                                      Erin.Lindgren@tax.usdoj.gov

IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF MINNESOTA

| | |
|---|---|
| MARK ALLAN, | ) |
| Plaintiff, | ) Case No. 14-cv-01332-DSD-FLN |
| | ) |
| v. | ) **CERTIFICATE OF SERVICE OF** |
| | ) **ORDER** |
| JACOB JOSEPH LEW, | ) |
| Defendant. | ) |

*Refused for Cause*

I certify that on July 11, 2014, I caused the following order

Order granting the United States' Motion to Dismiss

to be filed with the court via email to the following judge who is hearing the motion:

The Honorable David S. Doty at doty_chambers@mnd.uscourts.gov

and I certify that I caused a copy of the proposed order to be sent by U.S. mail to:

Mark A. Fiedler
7034 Lake Shore Drive S.
Richfield, MN 55432

/s/ Erin E. Lindgren
ERIN E. LINDGREN
Trial Attorney, Tax Division
U.S. Department of Justice
Minn. Bar No. 0392617
P.O. Box 7238, Washington, D.C. 20044
202-353-0013 (v);202-514-6770 (f)
Erin.Lindgren@tax.usdoj.gov